IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

KIMBERLY BEACH,

    Plaintiff,

v.                                               Civil Action No.: 5:18-CV-00092-MFU

COSTCO WHOLESALE CORPORATION,

    Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR A PROTECTIVE ORDER AND TO LIMIT DEPOSITION EXAMINATION**

COMES NOW the defendant, Costco Wholesale Corporation ("Costco"), by counsel, pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3), and states as follows in support of its Motion for a Protective Order and to Limit Deposition Examination (the "Motion"):

**I.    INTRODUCTION**

This suit arises out of a June 24, 2016 trip and fall incident that occurred in the parking lot of the Winchester Costco warehouse. *See generally* Pl.'s Compl. (ECF No. 1-2). Plaintiff's counsel's intention to improperly employ the "Reptile Theory" has been forecasted in Plaintiff's Complaint and First Set of Interrogatories, Request for Production of Documents, and Request for Admissions. *See* Def.'s Ans. Pl.'s Interrogs., attached hereto as **Exhibit A**; Def.'s Resp. Pl.'s Req. Prod. Doc., attached hereto as **Exhibit B;** Def.'s Resp. Pl.'s Req. Admis., attached hereto as **Exhibit C**.

Costco alerted Plaintiff to its recognition of and concern regarding Plaintiff's counsel's employment of "Reptile Theory" tactics on multiple occasions in an attempt to resolve this

dispute without the Court's intervention. *See*, E-mail from Benjamin Boscolo,[1] to J. Matthew Haynes, Jr., Jan. 10, 2019, attached hereto as **Exhibit E**; *see also*, Ltr., J. Matthew Haynes, Jr., Counsel for Costco Wholesale Corporation, to Ashley E. Strandjord, Esq., Counsel for Plaintiff, Jan. 11, 2019, attached hereto as **Exhibit F**. Moreover, when Costco's counsel explicitly requested Plaintiff's counsel confirm it would not employ "Reptile Theory" tactics during a deposition, Plaintiff's counsel's law firm responded with feigned total ignorance of the impermissible strategy. *See,* Ex. E. However, Plaintiff's counsel's law firm blatantly holds its members out as "certified reptile presenters" in seminars they present open only to plaintiff's attorneys. *See* **Exhibit G**.

Costco's January 11, 2019 correspondence also identified a number of improper Rule 30(b)(6) deposition topics set forth in Plaintiff's unexecuted Notice of Deposition regarding the upcoming January 15, 2019 Costco corporate designee depositions. *See*, Ex. F. Plaintiff's counsel confesses the reason she is unable to provide a valid, executed Notice of Deposition is because she is not admitted in the Western District of Virginia. *See*, E-mail from J. Matthew Haynes, Jr., Counsel for Costco Wholesale Corporation, to Ashley Strandjord, Counsel for Plaintiff, Jan. 10, 2019, attached hereto as **Exhibit H**. Costco responded that Plaintiff's counsel was not permitted to serve pleadings, executed or unexecuted, in this Court because she is not admitted. *See, id*. As such, in addition to the substantive issues with Plaintiff's deposition topics detailed in Costco's January 11, 2019 correspondence, no one from Plaintiff's counsel's law firm who is admitted in this District and has made an appearance on Plaintiff's behalf is certified to

---

[1] Despite Benjamin Boscolo's, an attorney employed by Plaintiff's counsel's law firm, representation that he has "assumed responsibility for the handling of this case," as Plaintiff's former counsel was no longer employed by the firm (e-mail from Benjamin Boscolo, to J. Matthew Haynes, Jr., Counsel for Costco Wholesale Corporation, Jan. 5, 2019, attached hereto as **Exhibit D**), Mr. Boscolo has not entered an appearance on Plaintiff's behalf to date and is also not admitted to practice in the Western District of Virginia.

provide an executed Notice of Deposition, conduct discovery depositions, or practice in this District.

Even if Plaintiff's counsel were admitted and authorized to practice law in this District, Costco has not received the twice requested assurance from Plaintiff's counsel that such improper, inflammatory practices will not be utilized during the upcoming January 15, 2019 Rule 30(b)(6) corporate depositions requiring Costco to seek this Court's protection and intervention. Instead, Plaintiff's counsel has only professed ignorance of the "Reptile Theory" practice touted on its law firm's website. *See*, Ex. E, G.

Employing reptile tactics during deposition examinations constitutes a bad faith, improper use of discovery, and serves only to unreasonably annoy, embarrass, oppress and prejudice Costco. Such conduct is prohibited by Federal Rule of Civil Procedure 30(d)(3). Plaintiff's transparent use of "Reptile Theory" tactics in discovery is an impermissible attempt to invoke the golden rule and shift focus to irrelevant, inadmissible, inflammatory, and prejudicial evidence. This Court should grant Costco's Motion, precluding Plaintiff's anticipated use of "Reptile Theory" tactics during depositions, which would unreasonably annoy, embarrass, oppress and prejudice Costco, and enter an appropriate Protective Order under Federal Rule of Civil Procedure 26(c).

## II. ARGUMENT

### a. The Reptile Theory

Virginia law repels prohibited "Reptile Theory" tactics under discovery principles paralleling those repeated in the Federal Rules of Civil Procedure.[2] Promoted first by Donald

---

[2] *See* VA. SUP. CT. R. 4:1(b) defining the scope of discovery ("parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action. . . ."); *see also*, VA. SUP CT. R. 4:1(c) allowing entry of a protective order limiting or prohibiting discovery, including depositions, if conducted improperly; VA. SUP. CT. R. 4:5 (d) permitting limitation on the manner and scope of depositions if conducted in bad

3

Case 5:18-cv-00092-MFU-JCH   Document 17   Filed 01/14/19   Page 3 of 12   Pageid#: 64

Keenan, Esq. and David Ball's "Reptile: The 2009 Manual of the Plaintiff's Revolution," (see: https://reptilekeenanball.com), the reptile theory strategy improperly influences jurors by appealing to their fears, focusing on broad "safety rules" instead of the facts of the given case. *See* Taylor Denslow Brewer, *Confronting the Reptile in Virginia*, 30 J. Civ. Lit. 187 (Summer 2018), attached hereto as **Exhibit I;** Donald Keenan & David Ball, Reptile: the 2009 Manual of the Plaintiff's Revolution, selected pages attached hereto as **Exhibit J**. In essence, the reptile strategy purports to covertly violate the golden rule. *See* Brewer, *supra,* at 193-97.

The reptile strategy is based on the theory that the human brain consists of three parts, one of which is the reptilian complex. According to Keenan and Ball, this complex instinctively overpowers the cognitive and emotional parts of the brain and appeals to the survival instinct when a person is aware of danger. Brewer, *supra*, at 188. The framework axiom is "when the reptile sees a survival danger, even a small one, she protects her genes by impelling the juror to protect himself and the community." Keenan & Ball, *supra*, at 8.

Plaintiffs' attorneys focus on questions that focus the jury's state of mind into a "survival mode," for example, by arguing a premises owner who "chooses" not to warn a customer about an allegedly dangerous condition "needlessly endangers" the public. Brewer, *supra*, at 189-92. The juror, sensing danger to himself and/or the community, feels compelled to protect himself by striking back at the source of that danger by rendering an enhanced verdict unsupported by the evidence, as a result.[3]

---

faith or a prohibited manner ("on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court . . . may limit the scope and manner of the taking of the deposition as provided in Rule 4:1(c))".
[3] *See* Brewer, *supra*, at 188 (citing Louis J. Sirico, Jr., *The Trial Lawyer and the Reptilian Brain: A Critique*, 65 CLEV. ST. L. REV. 411, 412 (2017)) ("According to Reptile Theory, the plaintiff should make her case resonate not in the jurors' "thinking brains" but in their more primitive, reactive "reptilian brains" by making them feel personally, although unconsciously, threatened by the defendant's behavior. If the ploy is successful, the expected result is that the jurors will react as reptiles: by striking at the danger with a conviction or a large verdict.").

4

Rather than arguing a defendant's conduct was *negligent* in a *specific* incident resulting in harm to the plaintiff—the applicable legal standard to which jurors are asked to adhere—plaintiffs' lawyers seek to appeal to jurors' basic reptilian instincts by employing the reptile strategy. This effort to broaden the evidentiary and legal standards to mischaracterize a defendant as a knowing and *intentional* wrongdoer is improper and a prohibited bad faith discovery tactic. In employing this theory, the plaintiff's counsel works to characterize the defendant's actions as creating an unsafe and threatening world, promoting a narrative in which the only way the jury can protect itself and the community is by rendering enhanced verdicts in favor of the plaintiff. This improper practice warrants a Protective Order against this tactic under Rule 26(c).

b. **Plaintiff's Counsel Has Infused Reptile Theory Into Plaintiff's Case.**

The framework for reptile strategy must be laid at the inception of the lawsuit and developed throughout discovery. As such, "[t]he assault on the witnesses begins long before trial, in depositions and through written discovery," as has been the case here. Brewer at 190. Costco is particularly concerned given the upcoming Rule 30(b)(6) deposition scheduled for January 15, 2019 because "Reptile Theory" tactics are often focused on corporate designees. Brewer at 191 ("the plaintiffs' counsel relies on confirmation bias to get a defendant's witness, *often a corporate designee*, to agree with overreaching, broad safety rules") (emphasis added). Plaintiff's counsel's "Reptile Theory" tactics will improperly exploit Costco's corporate designees' (and other deponents') inherent vulnerabilities in bad faith to target the basic cognitive and emotional vulnerabilities of the jury.

Plaintiff's counsel revealed their "Reptile Theory" approach by filing a Complaint accusing Costco of "*choosing* not to warn [Plaintiff] of the dangerous and defective conditions

5

which existed on the premises," and identifying Costco's "*choices*" as the proximate cause of Plaintiff's alleged injuries. *See* Compl. at ¶¶ 9, 12 (emphasis added).

Discovery furthers Plaintiff's counsel's phased reptile attack by repetitiously imposing inquiries focused on speculative "could have, would have, should have" hypotheticals instead of case facts. Plaintiff's counsel then leverages those broad, irrelevant hypotheticals at trial to unfairly prejudice the jury by encouraging it to render a verdict based on personal interest and bias, rather than on the evidence. *See* Brewer at 191-93. The "Reptile Theory" proposes the "danger" be spread as broadly as possible, so that an "umbrella rule" is created wherein the widest, most inflexible general safety rule violated by the defendant is one with which the jury can relate. *See, id*. This is done in an intentional effort to distract the jury from the applicable negligence standard to ease Plaintiff's evidentiary burden at trial. The ultimate purpose of discovery in "Reptile Theory" is to invoke the underpinnings of the golden rule arguments to be made at trial. *See, id*.

Plaintiff's counsel initiated the present action by filing a Complaint wrought with red flag terms such as Costco's "choosing" not to warn Plaintiff of a known danger, and Plaintiff suffering alleged injuries as a result of Costco's "choices." *See* Compl., at ¶¶ 9-12. Counsel continued their reptile strategy in written discovery where Plaintiff inquired whether Costco, inter alia, 1) believes it "did everything [it] could" to prevent Plaintiff's injuries, and 2) "believe[s] [it] can make *choices* regarding the maintenance and repair of [its] premises which *needlessly endanger the community*." *See, e.g.* Ex. A, Nos. 8, 15. Plaintiff also asked Costco to admit it had a duty to "safely perform" inspections of its premises, and "safely perform its legal duties." *See*, Ex. C at Nos. 5, 7.

6

Moreover, Plaintiff's discovery includes a series of irrelevant requests focused on Costco's general policies and procedures, employee training, hiring, and supervision, though the Complaint does not include a negligent supervision or hiring claim. *See,* Ex. A at Nos. 3, 5-6, 21; *see also*, Ex. B, Nos. 6, 9-15; Ex. C. at 5, 7, 9. This line of questioning is intended to create a cover argument that Costco's employee training and/or supervision is somehow to blame for Plaintiff's alleged incident without any supporting evidence.

Plaintiff's counsel's obvious written discovery strategy is to manipulate proper discovery mechanisms to further develop its bad faith reptile tactics. Specifically, Plaintiff, through its Request for Admissions, has already attempted to have Costco commit to broad "safety" principles with which to then confront Costco's corporate designee and/or Costco at trial. This is textbook "Reptile Theory" strategy. Plaintiff's counsel is expected to continue this trend in depositions, and this Court should not allow Plaintiff's use of reptile strategy to continue.

### c. **This Court Should Preclude Plaintiff's Use of Reptile Tactics in Depositions and Limit Examination of Costco to Incident Relevant Facts.**

Reptile strategy eschews the scope of discovery and serves only to unreasonably annoy, embarrass, oppress and prejudice Defendants as prohibited by Federal Rule of Civil Procedure 30(d)(3). Improper reptile strategy is employed throughout litigation, specifically during depositions to create inflammatory testimony with which to falsely impassion the jury at trial. It is after this wave of the "Reptile Theory" attack the jury feels compelled to improve community safety with their verdict. *See* Brewer at 190. Instead of focusing the jury on the Virginia negligence standard governing Plaintiff's simple negligence claim, here the jury will be left erroneously believing "that the only reasonable safety rule is the broadest, surest, most reliable rule, regardless of cost or difficulty." *Id.* This Court should not permit Plaintiff's counsel to

7

utilize this bad faith discovery strategy any further by granting Costco's requested Protective Order under Rule 26(c).

Federal law clearly defines the appropriate scope of discovery. Rule 26(b)(1) provides, in pertinent part, "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's *claim or defense and proportional* to the needs of the case, considering the *importance of the issues at stake in the action*, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1) (emphasis added). A party may seek an appropriate protective order, including "on matters relating to a deposition," when discovery is employed for an improper purpose. FED. R. CIV. P. 26(c). Upon motion and for good cause shown, the presiding court may enter an Order to protect a deponent and issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id*. Specific to the anticipated improper use of depositions, Rule 26(c)(1) further provides the Court's protective order may entered providing for one or more of the following applicable remedies: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;…(F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. FED. R. CIV. P. 26(c)(1)(A)-(D), (F)-(G).

This Court should forbid Plaintiff's counsel to conduct the January 15, 2019 discovery depositions pursuant to Rule 26(c)(1)(A) because no attorney who has entered an appearance on Plaintiff's behalf is admitted to this District. As such, no executed Notice of Deposition has been provided to date, and no attorney is authorized to practice law before this Court. *See*, Ex. D, H.

If depositions are permitted to proceed, this Court should proactively enter a Protective Order limiting Plaintiff's deposition examinations only to relevant facts concerning Plaintiff's simple *negligence* claim and Costco's affirmative defenses, if any, pursuant to Rule 26(c)(1)(D). Plaintiff should be precluded from asking Costco hypothetical questions and/or questions about their knowledge and adherence to uncodified, legally-irrelevant "safety" rules or standards that serve *no other claim related, relevant purpose* than to further develop Plaintiff's contrived "Reptile Theory" argument that Costco knowingly chose to put the jurors and the community at large, including Plaintiff, in danger.

Costco will be unfairly prejudiced at the commencement of depositions if this Court does not proactively ban Plaintiff's reptile strategy. As forecasted by her discovery requests, Plaintiff will undoubtedly ask—and effectively force—Costco to agree with and admit to conduct at odds with legally-irrelevant "safety" standards beyond those imposed by applicable substantive Virginia law. Even if Costco timely and appropriately objects to such reptile tactics, it is anticipated Plaintiff will later attempt to use those objections to argue to the jury that a culpable mind has nothing to hide. Moreover, this will only serve to confuse the jury as to the applicable Virginia legal negligence principles. As such, to the extent this Motion is challenged as premature, the moment Plaintiff's counsel employs/engages in reptile tactics during depositions, the damage will be done.

Finally, Costco will be forced to incur additional, unnecessary expenses to defend an improperly noticed deposition, file additional motions *in limine* correcting the prejudice that could have been proactively avoided by limiting depositions and entering an appropriate Protective Order as Costco now requests.

### III.    CONCLUSION

Reptile strategy depositions serve no other purpose than to intentionally and unreasonably annoy, embarrass, oppress and prejudice Costco, as prohibited by Federal Rule of Civil Procedure 30(d)(3), and paint Costco as intentional wrongdoers in the jury's eyes. This distraction from the simple negligence claim alleged in Plaintiff's Complaint is a calculated mischaracterization of the law and the issues before this Court and constitutes bad faith under Rule 30.  Rule 30(d)(3) permits Costco to ask this Court to proactively limit Plaintiff's counsel from using depositions to further develop their premeditated reptile strategy.  FED. R. CIV. P. 30(d)(3).  Accordingly, this Court should enter a Protective Order limiting Plaintiff's deposition examinations to facts relevant to her *negligence* claims and Costco's affirmative defenses, without which Costco expects it will be forced to terminate the January 15, 2019 on bad faith grounds.  *Id*.

Pursuant to Federal Rule of Civil Procedure 26(c), Costco certifies it has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  See, Exhibits E-F.

WHEREFORE, Defendant, Costco Wholesale Corporation, by counsel, pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3), move for limitation on the scope of deposition discovery, an appropriate Protective Order, for an award of its costs pursuant to Rule 37(a)(5), including reasonable attorney's fees, and for all other relief the Court deems appropriate and just.

10
Case 5:18-cv-00092-MFU-JCH   Document 17   Filed 01/14/19   Page 10 of 12   Pageid#: 71

COSTCO WHOLESALE CORPORATION

 /s/  J. Matthew Haynes, Jr., Esquire
Matthew Haynes, Jr. (VSB No.: 51007)
Brennan C. Morrissett (VSB No.: 86333)
MCCANDLISH HOLTON, P.C.
1111 East Main Street, Suite 2100
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 – Telephone
(804) 775-3800 – Facsimile
mhaynes@lawmh.com
bmorrissett@lawmh.com
*Counsel for Costco Wholesale Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will then send notification of such filing (NEF) to the following:

Jonathan B. Breeding, Esq. (VSB #84870)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, Virginia 22042
(703) 538-1138 - Telephone
(703) 538-2774 - Facsimile
jbreeding@chasenboscolo.com
*Counsel for Plaintiff*

I hereby further certify that on this 14th day of January, 2019, a true and correct copy of the foregoing was sent by U.S. First Class mail, postage prepaid, and via e-mail to the following*:*

Ashley E. Strandjord, Esq. (VSB #89605)
Benjamin Boscolo, Esq. (VSB #89854)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, Virginia 22042
(703) 538-1138 - Telephone
(703) 538-2774 - Facsimile
astrandjord@chasenboscolo.com
bboscolo@chasenboscolo.com
*Counsel for Plaintiff*

      /s/ J. Matthew Haynes, Jr., Esquire
Matthew Haynes, Jr. (VSB No.: 51007)
Brennan C. Morrissett (VSB No.: 86333)
MCCANDLISH HOLTON, P.C.
1111 East Main Street, Suite 2100
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 – Telephone
(804) 775-3800 – Facsimile
mhaynes@lawmh.com
bmorrissett@lawmh.com
*Counsel for Costco Wholesale Corporation*

12

Case 5:18-cv-00092-MFU-JCH   Document 17   Filed 01/14/19   Page 12 of 12   Pageid#: 73