**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
Harrisonburg Division

| | | |
|---|---|---|
| KIMBERLY BEACH, | : | |
|    Plaintiff, | : | |
|    v. | : | 5:18-cv-00092-MFU |
| COSTCO WHOLESALE CORPORATION | : | |
|    Defendant. | : | |

## KIMBERLY BEACH'S OPPOSITION TO DEFENDANT COSTCO'S MOTION FOR PROTECTIVE ORDER AND TO LIMIT DEPOSITION TESTIMONY

## INTRODUCTION

Kimberly Beach, through counsel, Benjamin T. Boscolo, Ashley E. Strandjord, and **CHASEN**BOSCOLO opposes Defendant's Motion for Protective Order and to Limit Deposition on the ground that the discovery sought is likley to lead to the discovery of admissible evidence. Defendant has not admitted any element of the negligence claim that Ms. Beach has filed. As such, Ms. Beach must prove Defendant owed her a duty, breached that duty, and that Defendant's breach of duty proximately caused her injuries. Finally, Ms. Beach must show what damages she suffers as a result of her injuries. To prove her case, Ms. Beach seeks discovery materials, including policies, practices, and procedures for inspecting, maintaining, repairing and warning of defective conditions on its walking surfaces. The deposition of Defendant Costco's corporate designee and the witness to this incident were noted for January 15, 2019. Defendant unilaterally cancelled the deposition and moved for a protective order and to limit the deposition testimony in this matter. Discovery is now closed. The reasons in support of Ms. Beach states as follows:

**ARGUMENT**

1. <u>Defendant's Motion Violates the Federal Rules of Civil Procedure</u>

Discovery, including that sought in a discovery deposition, is a broad and open-ended process. One of the guarantees the Federal Rules of Civil Procedure is set forth in Rule 26(b), which indicates:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the important of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b).

The Federal Rules of Civil Procedure allow counsel to broadly extend the scope of discovery. Materials obtained through the discovery process, that are otherwise inadmissible in evidence before the trier of fact, are discoverable under the rules. <u>Id</u>.

In this matter, counsel has moved for a protective order and to limit the anticipated deposition testimony of its corporate representative and an employee of Defendant Costco. Unilaterally, Defendant Costco has decided the anticipated testimony of its corporate representative and employee, respectively, together with copies of its policies, procedures, and practices as they relate to property maintenance, are not relevant and not calculated to lead to any additional information or admissible evidence. See, Defendant Costco's Motion For Protective Order And To Limit Deposition Testimony. This is improper.

Under the Federal Rules of Civil Procedure, the discovery requested by Ms. Beach should be turned over, whether or not the documents, media, photographs, and/or testimony, is in an admissible format. See, F.R.C.P. 26(b). If Defendant Costco had concerns about the

dissemination/inadvertent or purposeful public disclosure of the discovery materials, it is well within its rights to request a protective order with respect to the documents. Likewise, if Defendant Costco believes that any information learned during the anticipated depositions is inadmissible, they may file a Motion *In Limine*.

For this reason alone, Defendant's Motion should be denied. Further discovery should be allowed to continue, at minimum, for the purpose of conducting the two depositions of the corporate designee of Defendant Costco and its previously identified employee, together with the production of the requested policies, procedures, and practices as identified in Ms. Beach's Notice to Take 30(b)(6) deposition, a copy of which is attached hereto as **Exhibit 1**.[1]

 2. Defendant Costco Has Not Demonstrated Sufficient Need For A Protective Order

A party seeking a protective order under F.R.C.P. 26(c) has the burden of establishing good cause in order for the court to grant such order. The party must be able to demonstrate to the court the specific prejudice or harm that will result if no protective order is granted. Id. Of course, the burden shifts to the party seeking to avoid the protective order to persuade the court it is not necessary. Id. The court, after weighing the arguments of the parties, makes a determination as to whether a protective order should issue to prevent "annoyance, oppression, undue burden, …". Id.

In this matter, Defendant Costco has not demonstrated an authentic need for a protective order. Defendant Costco, through its motion, has not demonstrated any specific harm that would result from the taking of the deposition of its corporate designee or its employee. The rules require Defendant to demonstrate to the Court that the taking of these depositions would, *inter alia*, annoy,

---

[1] N.B.: This pleading was sent to counsel for Defendant Costco in an unsigned format. The pleading was to give notice as to the anticipated topics for the deposition. The date and time of the deposition was previously agreed upon by counsels. The pleading was unsigned, as Ms. Strandjord was not yet admitted to the United States District Court for the Western District of Virginia, a fact made clear to Mr. Matthew Haynes. Ms. Strandjord reached out to the Virginia State Bar Ethics Hotline for guidance as to handling the anticipated depositions in this matter, despite her pending admission. Ms. Strandjord was given the opinion that she could go forward with the depositions, as she is licensed in the Commonwealth of Virginia, the depositions are not considered to be a court-appearance, and the admission into the Western District of Virginia was merely a matter of paperwork. Ms. Strandjord had, and continues to have the intention of moving forward with this case in the most expeditious and ethical manner possible.

oppress, or create an undue burden on the respective deponents.  Id.  Defendant Costco has failed to establish Ms. Beach, through counsel, aspires to annoy, harass, oppress, or create any burden for the deponents within the corners of its motion.

Instead, Defendant Costco relies on the argument that Ms. Beach, through counsel, will employ an "improper Reptile theory".  See, Defendant Costco's Motion.  Ms. Beach's litigation and/or trial strategy is not proper grounds for discussion, much less motions practice, and will not be discussed herein.  Regardless of trial strategy, Defendant Costco fails to identify a single fact or argument demonstrating an impending harm of annoyance, oppression, and/or undue burden upon its deponents.

Understandably, due to the fluid nature of a deposition, questions and answers during a deposition are not necessarily admissible in evidence—but under the Federal Rules of Civil Procedure, so long as the question is "relevant to any party's claim or defense and proportional to needs of the case…" it must be provided in discovery, barring any limiting court order.  F.R.C.P. 26(b).  Ms. Beach, through counsel, intends on asking questions designed to elicit the elements she must prove in her negligence case—duty, breach, causation and damages—all of which are germane to her negligence matter.  Questions posed to the two (2) deponents identified by Defendant Costco's counsel, will be asked to determine the duty owed to her by Defendant Costco, whether a breach of that duty occurred, and whether the breach of that duty caused her injuries.  The information sought during the two (2) depositions is not only relevant, but necessary to prove Ms. Beach's matter.

Therefore, for the foregoing reasons, it is respectfully requested Defendant Costco's Motion For a Protective Order and to Limit Deposition Testimony be denied and discovery is allowed to continue for the purpose of conducting the two depositions of the corporate designee of Defendant Costco and its previously identified employee, together with the production of the requested policies, procedures, and practices as identified in Ms. Beach's Notice to Take 30(b)(6) deposition, a copy of which is attached hereto as **Exhibit 1.**

### 3. Defendant's Motion Improperly Seeks to Dictate Ms. Beach's Trial Strategy

It is unclear exactly what protection Defendant Costco seeks. Defendant's Motion seeks to prohibit counsel for Ms. Beach from developing the case based upon "impermissible Reptile Theory tactics." See, Defendant Costco's Motion. No procedural or evidentiary rule is cited to support this request. No decisional law is cited to support this request. As Defendant has failed to identify the precise protection sought, it is impossible to conceive of what an order granting Defendant's motion would proscribe.

Ms. Beach's trial strategy is not the proper subject of a Motion for Protective Order. Defendant Costco's motion does not actually seek protection. It is an attempt to discover and dictate Ms. Beach's trial strategy. The "mental impressions, conclusions, opinions, or legal theories of an attorney" must be protected by the court.

For this reason, Defendant Costco's Motion must be denied. The defense desires, albeit improperly, to dictate how Ms. Beach can try her matter. Defendant Costco's Motion is a sweeping and overly broad attempt to prevent Ms. Beach from trying her case. The effectiveness of Ms. Beach's trial strategy is not mutually exclusive with its propriety and appropriateness. By doing so, Defendant Costco is not seeking a level playing field, but one that is tilted in their favor.

Wherefore, it is respectfully submitted for the above-referenced reasons, Defendant Costco's Motion for Protective Order and To Limit Deposition Testimony is denied, and this Honorable Court allow the two (2) remaining depositions to take place, together with the production of the requested documents in Ms. Beach's Notice to Take 30(b)(6) Deposition.

### 4. Questions Concerning Policies and Procedures are Relevant and Material

Saving the Court from an extended *Erie* Doctrine analysis, while federal rules reign over procedural issues, Virginia law controls with respect to the substantive law.

Under Virginia law, it has been held that policies and procedures are not only relevant, but discoverable

> since full and open discovery is the overwhelming
> order of the day, and since decisions of ultimate
> admissibility and relevancy are not yet ripe for
> rule, the fairer judgment at this stage of the
> proceedings as perceived by the court would
> be to allow the plaintiff opportunity to explore
> the full potential of the documents at issue.

<u>Johnson v. Roanoke Mem'l Hospital, Inc.</u> 9 Va. Cir. 196, 202 (Roanoke Cir. Ct. 1987). Nearly three decades later, the holding remained essentially unchanged when the court in Martinsville note the defense

> confuses the concepts of admissibility and discovery…
> Logical relevant, that is, the tendency of the evidence
> to prove a material proposition, is not a proper considerable
> in a discovery dispute. The policies, protocols, and
> procedures that the plaintiff has requested are certainly
> related to the subject matter in the sense that they are
> germane to the subject of the lawsuit, and the court at
> the juncture cannot find that the requested documents
> are not calculated to lead to the discovery of admissible evidence.

<u>Gravely v. Perren</u>, 77 Va. Cir. 370 (Martinsville, 2009).

Defendant Costco's assertion that Ms. Beach should be precluded from discovering the facts of this case regarding policies and procedures is baffling. To preclude Ms. Beach from discovering evidence and argument that the Defendant breached a duty imposed for her safety is both contrary to Virginia law and even more baffling.

It is axiomatic in the law of negligence that persons owe a duty to exercise reasonable care to avoid injuring others. *See* <u>RGR, LLC v. Settle</u>, 288 Va. 260, 275 (Va. 2014) ("the general standard or duty is the duty of reasonable care, that is, the duty to avoid negligent conduct") (citations and quotations omitted here and throughout unless otherwise stated). Reasonable care, the care an ordinarily prudent person would take, is commensurate with the danger the activity in question poses. *Endicott v. Rich*, 232 Va. 150, 153 (Va. 1986) *see also* Virginia Model Jury Instruction 4.000 ("Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used *under the circumstances of this case.*") (emphasis added).

More importantly, in this case, the jury will be instructed that it is Defendant Costco's duty is as follows:

> An occupant of premises does not guarantee an invitee's **_safety_**, but has the duty:
>
> (1) to use ordinary care to have the premises in a reasonably **_safe_** condition for an invitee's use consistent with the invitation unless the invitee [knows, or should have known, of the **_unsafe_** condition; uses the premises in a manner that exceeds the scope of the invitation; goes to a place on the premises where he is not reasonably expected to go]; and
>
> (2) to use ordinary care to warn an invitee of any **_unsafe_** condition about which the occupant knows, or by the use of ordinary care should know, unless the unsafe condition is open and obvious to a person using ordinary care for his own **_safety_**.
>
> If an occupant fails to perform any of these duties, then he is negligent.

Instruction No. 23.040, Virginia Model Jury Instructions Civil (emphasis added).

Defendant seeks to prevent Ms. Beach to discover what actions it took to make sure the premises were safe despite the fact that Ms. Beach's *prima facie case* requires her to prove that the premises were not **_safe_**, that Defendant knew its premises were not **_safe_**, and that Defendant did not fix the defect or warn the that the premises were not **_safe._** The fact that defendant does not like its duty to make its premises safe to the public does not make legitimate discovery on this point inadmissible. Facts concerning the activity in which Defendant Costco and its employees and agents were engaged, maintaining and operating a premises, are material and relevant to the duty each defendant owed Ms. Beach. The production of the policies and procedures governing the maintaining, inspecting, and repair of Defendant Costco's premises are essential to Ms. Beach's claim.

Courts in Virginia not only allow the discovery of internal or private policies and procedures, but allow for the admission of same into evidence. The Virginia Supreme Court has approved the admission of private manuals, policies, and other internal documents in negligence matters. For instance, the Virginia Supreme Court has held defendant's application manual was admissible in a

matter where plaintiff alleged improper application of insulation; safety rules adopted by the defendant and the instructions given to its employees were relevant to defendant's notice of danger in operations of equipment; and industry safety rules were admissible as they related to the standard of care.  Graves v. National Cellulose Corp., 226 Va. 164 (1983);  Mackey v. Miller, 221 Va. 715 (1981); New Bay Shore Corp. v. Lewis, 193 Va. 400 (1952), respectively.

Here, undersigned counsel is not seeking for the admission of the policies and procedures as they relate to the maintaining and inspecting of Defendant Costco's premises at this juncture.  It is respectfully requested that this Honorable Court order the production of the policies and procedures, as outlined in **Exhibit 1**, be produced to undersigned counsel, and deposition testimony is freely given as it pertains to the outlined topics.

Wherefore, for the above-referenced reasons, it is respectfully requested Defendant's Motion for Protective Order and to Limit Deposition Testimony be denied.

## **CONCLUSION**

WHEREFORE, Ms. Kimberly Beach, by counsel, respectfully asks this court to deny the Defendant Costco's motion., and undersigned counsel be permitted to take the discovery depositions of the two (2) deponents identified by Defendant Costco, together with the production of the policies and procedures as outlined in **Exhibit 1**, together with such other and further relief as this Honorable Court may deem just and proper.

                    Respectfully submitted,

                    **KIMBERLY BEACH**

By:    /s/ Benjamin T. Boscolo_____
       CHASENBOSCOLO Injury Lawyers
       6402 Arlington Blvd.
       Suite 600
       Falls Church, VA 22042
       Tel: (703) 538-1138
       Fax: (703) 538-2774
       bboscolo@chasenboscolo.com
       *Counsel for Ms. Beach*

By: /s/ Ashley E. Strandjord
Ashley E. Strandjord (VSB: 89605)
CHASENBOSCOLO Injury Lawyers
6402 Arlington Blvd.
Suite 600
Falls Church, VA 22042
Tel: (703) 538-1138
Fax: (703) 538-2774
astrandjord@chasenboscolo.com
*Counsel for Ms. Beach*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Motion for Continuance was mailed first class, postage prepaid, this 25th day of January, 2019 to:

J. Matthew Haynes, Jr. (VSB No. 51007)
Brennan C. Morrissett (VSB No. 86333)
McCandlish Holton, P.C.
1111 East Main Street, Suite 2100
P.O. Box 796
Richmond VA 23218
(804) 775-3100 Telephone
(804) 775-3800 Facsimile
mhaynes@lawmh.com
bmorrissett@lawmh.com
*Counsel for Costco Wholesale Corporation*

　　/s/ Ashley Strandjord
Ashley E. Strandjord