**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

KIMBERLY BEACH,

      Plaintiff,

v.                                                 Civil Action No.: 5:18-CV-00092-MFU

COSTCO WHOLESALE CORPORATION,

      Defendant.

**COSTCO'S REBUTTAL TO PLAINTIFF'S OPPOSITION
TO COSTCO'S MOTION FOR A PROTECTIVE ORDER
AND TO LIMIT DEPOSITION EXAMINATION**

COMES NOW the defendant, Costco Wholesale Corporation ("Costco"), by counsel, pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3), and states as follows for its Rebuttal to Plaintiff's Opposition to Costco's Motion for a Protective Order and to Limit Deposition Examination:

## I.     ARGUMENT

**A.     Costco's Internal Policies and Procedures Are Beyond the Scope of Permissible Discovery Because They Are Irrelevant to the Applicable Standard of Care.**

In addition to impermissible discovery requests seeking the same,[1] Plaintiff's proposed deposition topics seek disclosure of Costco's internal policies and procedures which are irrelevant to the applicable standard of care.[2] Specifically, Plaintiff's Notice (attached hereto as

---

[1] As previously indicated, Plaintiff's discovery includes a series of broad, irrelevant requests focused on Costco's general policies and procedures, employee training, hiring, and supervision, though the Complaint does not include a negligent supervision or hiring claim. *See*, Def. Mem. in Supp. Mot. Prot. Order at Ex. A at Nos. 3, 5-6, 21 (Def.'s Ans. Pl.'s Interrogs.); *see also, id*. at Ex. B, Nos. 6, 9-15 (Def.'s Resp. Pl.'s Req. Prod. Doc.); *id*. at Ex. C. at 5, 7, 9 (Def.'s Resp. Pl.'s Req. Admis).

[2] Additionally, Costco previously identified red flag "Reptile Theory" terms peppered throughout Plaintiff's Complaint and discovery issued to Costco such as Costco's "choosing" not to warn Plaintiff of a known danger, and Plaintiff suffering alleged injuries as a result of Costco's "choices." *See* Compl., at ¶¶ 9-12; *see also, e.g.*, Def.

**Exhibit A**) includes 13 topics, 10 of which explicitly seek discovery of Costco's general "policies, practices, and procedures" and general premises maintenance. *See generally*, Ex. A. Such topics are overbroad in time because they include periods well before and after (if the topic includes a time limit at all) the Plaintiff's alleged June 24, 2016 incident. Moreover, Plaintiff's counsel made no effort to limit such topics no matter how dissimilar from or irrelevant to the Plaintiff's incident, belying Plaintiff's justification that discovery of such information is likely to lead to discovery of admissible evidence. *See generally*, Ex. A.

These proposed topics, and Plaintiff's intended line of deposition questioning if permitted, (1) seek information irrelevant to the applicable standard of care, and (2) improperly shift Plaintiff's burden of proving what purported industry standards apply and whether any alleged breach of such purported standards proximately caused the alleged incident described in the Complaint. *See Myers v. Sutton*, 213 Va. 59 (1972) ("The burden of proof in a negligence case is always on the plaintiff and this burden *never* shifts.") (emphasis added).

Rule 26(b)(1) defines the discovery scope and it's *limits* as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any *nonprivileged* matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

Mem. in Supp. Mot. Prot. Order at Ex. A at Nos. 8, 15 (Def.'s Ans. Pl.'s Interrogs.); *id*. at Ex. C at Nos. 5, 7 9 (Def.'s Resp. Pl.'s Req. Admis.).

FED. R. CIV. P. 26(b)(1). Plaintiff's focus on admissibility ignores that information must first be deemed relevant to fall within the permissible scope of discovery. FED. R. CIV. P. 26(b)(1).

Plaintiff's reliance on authority cited for the proposition that policies and procedures are relevant and discoverable is not only factually distinguishable, it is entirely misleading. Opp. at 5-6 (citing *Johnson v. Roanoke Mem'l Hospital, Inc.*, 9 Va. Cir. 196, 202 (Roanoke Cir. Ct. 1987). In *Johnson*, following a surgical patient's death, a hospital's procedures governing emergency room nursing and medical services were ruled discoverable because a specific Virginia Code Section "practically eliminate[d] any privilege" by expressly refusing to preclude "discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient." *Johnson*, 1987 Va. Cir. LEXIS 86 at *6 (citing VA. CODE § 8.01-581.17). This preliminary determination confirmed the documentation was discoverable, separate and apart from admissibility. *Johnson*, allowing discovery based on a fact-specific authorizing Virginia Code section, simply does not stand for the proposition Plaintiff recites, nor is it applicable here.[3]

Instead, *Murphy v. United States*, 383 Fed. App'x. 326, which precludes discovery of a company's internal policies and procedures as irrelevant and inadmissible to prove negligence, remains the controlling authority.[4] This is because Virginia has long held:

---

[3] Plaintiff's reliance on *Gravely v. Perren*, 77 Va. Cir. 370, which Plaintiff claims maintains the irrelevant holding in *Johnson*, is equally misrepresented. Opp. at 6 (citing *Gravely*, 77 Va. Cir. 370 (2009)). In this medical malpractice action, the plaintiff sued after suffering a heart attack following a medical evaluation and subsequent misdiagnosis. *Id*. As in *Johnson*, and based on the same authority, the *Gravely* Court permitted discovery of the hospital's policies and procedures incident to Virginia Code § 8.01-581.17, and to encourage disclosure of peer review materials and the public policy of quality care provision. *Id.* at 371-72. Such issues are indisputably not applicable and not presented here. The authority Plaintiff cites should be given no consideration as it is unhelpful and irrelevant to determining whether discovery of Costco's confidential, commercially sensitive, policies and procedures should be permitted.

[4] Additional authority cited by Plaintiff is equally distinguishable and misleading. In *T.M. Graves Contr., Inc. v. Natn'l Cellulose Corp.*, 226 Va. 164 (1983), the defendant, a general contractor, voluntarily disclosed and relied upon its Application Manual as an exhibit. *See*, Opp. at 8; *T.M. Graves*, 226 Va. at 168. Similarly, in *New Bay Shore Corp. v. Lewis*, 193 Va. 400 (1952), defendants did not deny it adopted specific safety rules with respect to proper use of a merry-go-round at issue in the case. *See generally*, *New Bay Shore*, 193 Va. 400.

> [a] person cannot, by the adoption of private rules, fix the standard of his duty to others. That is fixed by law, either statutory or common. Private rules may require of employ[e]es less or more than is required by law; and whether a given course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party.

*Murphy*, 383 Fed. Appx. at 335 (citing *Virginia Ry. & Power Co. v. Godsey*, 117 Va. 167, 83 S.E. 1072, 1073 (1915); *Pullen v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983)). Moreover, with respect to Virginia's adherence to fixed negligence standards unaltered by internal policies and practices, "Virginia's longstanding rule in this regard… is that 'the Virginia rule is sufficiently bound-up with state policy so as to *require* its application in federal court.'" *Murphy*, 383 Fed. Appx. at 335 (quoting *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 110 (4th Cir. 1995) (emphasis added)).

Plaintiff's recitation of the applicable negligence standard weaves between reasonable and ordinary care, further illuminating Plaintiff's failure to recognize and/or guide this Court and a potential jury as to the applicable standard of care. Opp. at 6. In any case, Costco's internal policies and procedures and compliance or deviation therefrom are irrelevant to and have no effect on the applicable duty of care in a negligence case. As such, they are beyond the permissible scope of discovery under Rule 26(b)(1).

### B. Costco's Request to Limit the Scope of Discovery Depositions Is Expressly Authorized Under the Federal Rules of Civil Procedure.

The same authority Plaintiff argues broadens the scope of discovery explicitly *requires* limitation on the scope of discovery under the circumstances. Opp. at 2; *see also*, FED. R. CIV. P. 26(b). The determinative inquiry under the Federal Rules of Civil Procedure is not whether Costco's policies and procedures are ultimately admissible, as Plaintiff contends. Opp. at 2. Rather, under Federal Rule of Civil Procedure 26(b)(1) (entitled "Discovery Scope and *Limits*")

4

it must first be determined whether such information is both relevant and nonprivileged under Rule 26(b)(1). FED. R. CIV. P. 26(b)(1). As explained herein, Costco's policies and procedures are entirely irrelevant to determining the applicable negligence standard.

Federal Rule of Civil Procedure 26(b)(2)(C) directs that this Court, on its own or on a party's motion, "*must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that" any of the following are true:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C)(i)-(iii) (emphasis added).

Here, Plaintiff has had ample opportunity to obtain the information sought. The trouble Plaintiff has encountered in doing so, and in conducting the discovery depositions at issue here, lies squarely with Plaintiff's counsel as set forth in Costco's Opposition to Plaintiff's Motion for Continuance (ECF No. 23). Specifically, the January 15, 2019 depositions were not properly noticed because, at the time Plaintiff's counsel provided the Notices of Deposition to Costco, no counsel employed by Plaintiff's law firm was admitted to practice in this District. *See*, Def. Mem. in Supp. of Mot. Prot. Order at 2-3 (ECF Nos. 16-17); *see also*, Def. Opp. at ¶ 5; *see, id*. at Ex. A. Plaintiff's focus on ultimate admissibility ignores the threshold relevancy determination, and deflects from the core issue of failing to have a licensed, admitted attorney who could conduct the January 15, 2019 depositions in this District in the first place.

Plaintiff's Opposition is the first time Plaintiff's counsel, Ms. Strandjord, indicated she contacted the Virginia State Bar Ethics Hotline seeking guidance concerning her lack of

admission to this District at the time of the improperly noticed depositions. Plaintiff's counsel now contends she was advised she could continue with the January 15, 2019 depositions despite not being admitted to this District. Opp. at n.1. This contention is difficult to believe given that Federal Rule of Civil Procedure 11(a) explicitly requires that "[e]very pleading, written motion, *and other paper* must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11 (emphasis added). Further, "[t]he court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id* (emphasis added). Here, Plaintiff's counsel failed to respond by e-mail, telephone or otherwise to either Costco's January 14, 2019 Motion for Protective Order and to Limit Deposition Testimony or Costco's January 22, 2019 Opposition to Plaintiff's Motion for Continuance (ECF No. 23), both of which indicated Costco's intention not to move forward with the January 15, 2019 depositions because Plaintiff's counsel was not admitted to this District and had not signed Rule 11 compliant deposition Notices. Plaintiff's January 17, 2019 Motion for Continuance makes no mention of consulting with the Virginia State Bar Ethics Hotline, instead indicating counsel employed by CHASENBOSCOLO moved for admission to this District. *See* Pl.'s Mot. for Cont. (ECF No. 22). In any event, there was nothing to correct before the January 15, 2019 proposed deposition date because nothing was done, or could be done, to "promptly correct[]" Plaintiff's counsel's lack of admission to practice in this District before the deposition occurred. FED. R. CIV. P. 11 (a).

Plaintiff's need for additional information to adequately prepare its case after being afforded more than sufficient time to do so is not Costco's burden or concern. Nor should it encourage this Court to reward Plaintiff's counsel for failing to zealously advocate for the

6

Plaintiff or prepare her case. Costco should not be further burdened with the time and expense of filing reactive Motions *in Limine*,[5] as Plaintiff suggests, when the information sought is not relevant in the first place and, thus, beyond the scope of permissible discovery. Opp. at 3.

Plaintiff is correct that admissibility and discoverability are distinct concepts. However, this inquiry is not at issue when the information sought is beyond the scope of permissible discovery under Rule 26(b)(1). Affording Plaintiff additional time beyond the discovery deadline set by this Court's October 4, 2018 Scheduling Order (ECF No. 10) to conduct the requested depositions runs afoul of Rule of Civil Procedure 26(b)(2)(C)(ii) which mandates this Court limit the extent of discovery under the circumstances. As discussed herein, Costco's internal policies and procedures do not determine the applicable standard under Virginia law, and affirmatively cannot be used as evidence of Costco's negligence.

Even if this Court were to allow the requested depositions, Plaintiff agrees Costco is "well within its rights to request a protective order," as Costco did. Opp. at 3; *see also*, Def. Mem. in Supp. of Mot. Prot. Order at 2-3 (ECF Nos. 16-17); *id.* at Ex. 11. While the Federal Rules function to promote the exchange of *relevant* information between the parties, they are not intended as a mechanism to circumvent the protections afforded parties under the Rules with respect to their privileged, confidential information. Plaintiff's guise of perhaps stumbling upon potentially admissible information is a transparent discovery fishing expedition, and Rule of 26(b)(2)(C) instructs this Court to limit discovery as Costco requests.

**C.      Costco Has Demonstrated Sufficient Need for a Protective Order.**

Plaintiff's Opposition does nothing but further confirm her counsel's intention to misdirect this Court and a jury as to the applicable standard of care by employing "Reptile

---

[5] Costco already anticipated and addressed this particular issue explaining that the harm caused during depositions by Plaintiff's "Reptile Theory" strategy cannot be undone by subsequent efforts. *See* Def. Mem. in Supp. Mot. Prot. Order at 5, 9-10.

Theory" tactics. As such, Costco has sufficiently demonstrated good cause for entry of an appropriate Protective Order should Plaintiff be permitted to conduct the requested depositions.

Plaintiff claims Costco's corporate representative "will be asked to (1) determine the duty owed to [Plaintiff] by…Costco, whether a breach of that duty occurred, and whether the breach of that duty caused [Plaintiff] injuries." Opp. at 4. By framing the intended line of deposition questioning as they have, Plaintiff's counsel further reveals her intention to inquire as to the "choices" Costco made or makes with regard to such duties and/or customer safety in furtherance of a "Reptile Theory" tactic. Asking Costco's corporate deponents to define negligence elements and Costco's corresponding legal duty under the circumstances is improper. The appropriate deposition focus should be on facts illuminating those elements, for Plaintiff's counsel to examine in establishing Plaintiff's negligence claim.

Moreover, Plaintiff's counsel's dismissive explanation that she simply intends to "ask[] questions designed to elicit the elements she must prove in her negligence case" is belied by information available on Plaintiff's counsel's own law firm website. Opp. at 4; *see also*, Def. Mem. in Supp. Mot. Prot. Order at Ex. E, G. Plaintiff's counsel seeks to hide intentional and obvious "Reptile Theory" strategy behind the "fluid nature of a deposition." Opp. at 4. However, Plaintiff's depositions topics and request to conduct late discovery depositions are nothing more than a request for Costco to identify industry standards and internal policies and procedures she believes apply to the current litigation, despite the fact that the existence of internal policies cannot establish Costco's burden of proof under longstanding Virginia law.

Further, discovery of Plaintiff's "trial strategy" is unnecessary to identify their intent to employ "Reptile Theory" tactics forecasted in their Complaint, discovery, and deposition Notice. Plaintiff has made her "trial strategy" plain. If anyone is attempting to circumvent appropriate

8

discovery procedure to tilt the playing field, it is Plaintiff. Opp. at 5. Plaintiff's focus on Virginia Model Jury Instructions' (Civil) use of the word "safety" confirms Plaintiff's attempt to dilute her burden by misdirecting attention to "safety" principles generally, injecting the Reptile Theory from which Costco seeks this Court's protection. Opp. at 7. It also ignores the nuanced factual proof requirements to establish a negligence claim which give definition and legal context to the "safety" concept. Opp. at 7. Determining whether a dangerous or "unsafe" condition exists is not determined by a premises owners' commercially sensitive, internal policies and procedures. Rather, it turns on factual issues of notice, foreseeability, and whether the alleged condition presents a danger in the first place, not Costco's general beliefs on safety. *See, e.g.*, *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977) (emphasis added). Plaintiff attempts to mislead this Court (and, ultimately, a jury) by arguing discovery of Costco's internal policies and procedures, which do not set the applicable standard, somehow assists Plaintiff in meeting her *prima facie* burden to prove the premises were not safe (among other issues). Opp. at 7. This is not simply a matter of Costco "not lik[ing] its duty to make its premises safe to the public." Opp. at 7. It is Plaintiff's attempt to use irrelevant information to inflame the jury, confuse the issues, and improperly shift the proof burden to Costco because Plaintiff has insufficient evidence to establish her negligence claim.

Costco has adequately identified the specific prejudice and harm it will suffer if Plaintiff is permitted to conduct discovery depositions after the discovery deadline and if an appropriate Protective Order is not entered. In sum, the jury (and this Court) will be distracted from the appropriate negligence standard, unfairly prejudicing Costco, and Costco will be forced to incur additional unnecessary expenses to file pre-trial Motions *in Limine* to exclude the improper, irrelevant information Plaintiff continues to seek. FED. RULE CIV. P. 26(c).

To the extent this Court believes limited discovery of Costco's private, commercially sensitive business information is appropriate, Costco previously submitted a draft Protective Order for this Court's consideration. *See*, Mem. in Supp. Mot. for Prot. Order at Ex. 11. Regardless of whether this Court elects to entirely preclude or appropriately limit discovery of Costco's business information, if Plaintiff is permitted to conduct a Rule 30(b)(6) deposition beyond the discovery deadline, entry of an appropriate Protective Order is absolutely critical to protect Costco's legitimate business concerns and proprietary information, and to protect Costco from unreasonable annoyance, embarrassment, oppression and prejudice prohibited by Federal Rule of Civil Procedure 30(d)(3).

### III.     CONCLUSION

For the reasons stated in Costco's Motion for Protective Order and to Limit Deposition Examination and the reasons further stated in Costco's Rebuttal to Plaintiff's Opposition, this Court should enter a Protective Order limiting Plaintiff's deposition examinations to facts relevant to her negligence claims and Costco's affirmative defenses.

WHEREFORE, Defendant, Costco Wholesale Corporation, by counsel, pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3), moves for limitation on the scope of deposition discovery, an appropriate Protective Order, for an award of its costs pursuant to Rule 37(a)(5), including reasonable attorney's fees, and for all other relief the Court deems appropriate and just.

Respectfully submitted,

COSTCO WHOLESALE CORPORATION

By: /s/ J. Matthew Haynes, Jr., Esquire
J. Matthew Haynes, Jr. (VSB No.: 51007)
Brennan C. Morrissett (VSB No.: 86333)
McCandlish Holton, P.C.
1111 East Main Street, Suite 2100
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 – Telephone
(804) 775-3800 – Facsimile
mhaynes@lawmh.com
bmorrissett@lawmh.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will then send notification of such filing (NEF) to the following:

Jonathan B. Breeding, Esq. (VSB #84870)
Ashley E. Strandjord, Esq. (VSB #89605)
Benjamin Boscolo, Esq. (VSB #89854)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, Virginia 22042
(703) 538-1138 – Telephone
(703) 538-2774 – Facsimile
jbreeding@chasenboscolo.com
astrandjord@chasenboscolo.com
bboscolo@chasenboscolo.com
*Counsel for Plaintiff*

By: /s/ J. Matthew Haynes, Jr., Esquire
J. Matthew Haynes, Jr. (VSB No.: 51007)
Brennan C. Morrissett (VSB No.: 86333)
McCandlish Holton, P.C.
1111 East Main Street, Suite 2100
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 – Telephone
(804) 775-3800 – Facsimile
mhaynes@lawmh.com
bmorrissett@lawmh.com
*Counsel for Costco Wholesale Corporation*