IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | | |
|---|---|---|---|
| KIMBERLY BEACH, | ) | | |
| Plaintiff, | ) | Civil Action No. 5:18-cv-00092 | |
| | ) | | |
| v. | ) | MEMORANDUM OPINION & | |
| | ) | ORDER | |
| COSTCO WHOLESALE | ) | | |
| CORPORATION, | ) | By: | Joel C. Hoppe |
| Defendant. | ) | | United States Magistrate Judge |

This matter is before the Court on Plaintiff's motion to continue the trial date and extend the deadline to complete discovery ("Motion to Continue"). ECF No. 22. Plaintiff has also moved, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, for the Court to defer consideration of Defendant's Motion for Summary Judgment to give Plaintiff additional time to conduct discovery ("Motion for Discovery"). ECF No. 30. Neither party requested a hearing, and I find that the motions can be resolved on the written papers. Considering the parties' arguments and the applicable law, I find that Plaintiff has shown good cause to continue the trial date and corresponding discovery deadlines in this matter, and I therefore will grant her motions.

I. Background

In June 2018, Plaintiff filed a Complaint in the Frederick County, Virginia Circuit Court seeking damages for injuries she allegedly sustained after tripping over a pothole in the parking lot outside one of Defendant's stores. *See* Compl., ECF No. 1-2. Defendant removed the action to this Court under 28 U.S.C. §§ 1332 and 1441. ECF No. 1. On October 4, 2018, Chief District Judge Michael F. Urbanski entered a Scheduling Order, setting the matter for a three-day jury trial to begin on April 15, 2019. ECF No. 10. The order also set a deadline of January 15, 2019, for the parties to complete discovery. *See id*.

On January 4, 2019, fewer than two weeks before the close of discovery, Jonathan Breeding, Plaintiff's only attorney of record at the time, left the employment of his law firm, ChasenBoscolo Injury Lawyers ("CIL"). Though the parties had tentatively agreed to conduct depositions of Defendant's representatives, Plaintiff had not issued a formal notice of deposition. None of the remaining attorneys at CIL were, at that time, admitted to practice before the United States District Court for the Western District of Virginia, and therefore could not enter their own notice of appearance in this matter. *See* W.D. Va. Gen. R. 6. Nevertheless, prior to the close of discovery, Ashley E. Strandjord, another attorney with CIL, issued an unsigned "Notice of Videotaped Deposition" in which she noticed the depositions of two representatives for the Defendant that were to take place on January 15, 2019. Def.'s Opp'n to Mot. to Continue, Ex. A, ECF No. 23-1. In a letter dated January 11, counsel for Defendant objected to each of the topics identified in the deposition notice. *See* ECF No. 17-6. On January 14, counsel for Defendant sent an email to Plaintiff's counsel stating that neither he nor any representatives of Defendant would be present for the January 15 deposition because of certain objections to the proposed deposition topics as well as concerns that Plaintiff's counsel was not admitted to practice in the Western District of Virginia. Pl.'s Mot. to Continue, Ex. 1, ECF No. 22-1. On that same day Defendant filed a motion for a protective order seeking to limit the scope of Plaintiff's proposed deposition. ECF No. 16. Ms. Strandjord and Benjamin Boscolo, another attorney with CIL, were admitted to practice before this Court on January 16, 2019. Each entered an appearance in this matter on the following day, ECF Nos. 19, 21, at which time they filed the Motion to Continue.

On January 20, 2019, Defendant filed a Motion for Summary Judgment. ECF No. 26. In its corresponding brief, Defendant argued that it was entitled to judgment as a matter of law

because Plaintiff did not have evidence of an actionable defect in Defendant's parking lot and, even if she did, Plaintiff's contributory negligence barred her from recovery under Virginia law. *See generally* Def.'s Br. in Supp. of Mot. for Summ. J., ECF No. 27. Though Plaintiff has filed a brief opposing Defendant's motion on the merits, ECF No. 29, Plaintiff also seeks relief under Rule 56(d), asking the Court to defer consideration of the motion pending further discovery necessary to justify her opposition, ECF No. 30.

II. Discussion

A motion to modify a scheduling order may be granted "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Kincaid v. Anderson*, No. 1:14cv27, 2016 U.S. Dist. LEXIS 16662, at *3 (W.D. Va. Feb. 11, 2016). Where, as here, the motion is filed after the deadline has already expired, the Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether there has been "excusable neglect," the Court considers "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is "at bottom an equitable" and "flexible" concept that should take into account "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.*, 507 U.S. at 395–96.

Plaintiff primarily argues that she requires a continuance and extension of the discovery deadline to conduct depositions because her original counsel of record[1] left the firm shortly

---

[1] Mr. Breeding remains counsel of record, along with Plaintiff's new counsel, Ms. Strandjord and Mr. Boscolo.

3

before the close of discovery and anticipated date for depositions of Defendant's representatives. Defendant faults Plaintiff's counsel for not handling this transition better. Defendant's position is not reasonable under the circumstances. The information before the Court shows that Plaintiff's new counsel acted expeditiously to become acquainted with the case, prosecute discovery, and get admitted to this Court all in the matter of a few weeks. *See* Def.'s Br. in Supp. of Mot. for Protective Order, Exs. D, E, H, ECF Nos. 17-4, 17-5, 17-8.

Defendant also argues that Plaintiff was responsible for failing to secure depositions of its representatives prior to the expiration of the discovery deadline because she did not properly notice the depositions.[2] The only deficiency in the notice, however, is that it was not signed. Fed. R. Civ. P. 30(a)(1), (b)(1), (b)(6); *see also* Fed. R. Civ. P. 45(a)(3) ("An attorney . . . may issue and sign a subpoena if the attorney is authorized to practice in the issuing court."). This deficiency was excusable. Plaintiff acted in good faith to try and secure all discovery ahead of the discovery deadline. She submitted written discovery requests seeking the identities of individuals "responsible for inspecting, maintaining, and/or remediating any dangerous condition on the [Defendant's] premises," Def.'s Br. in Supp. of Mot. for Protective Order, Ex. A, ECF No. 17-1, allowed Defendant an extension in responding to those requests, which Defendant appears to have exceeded, *id.* Exs. C, D, ECF Nos. 17-3, 17-4, and she informally agreed with Defendant to depose its representatives at a date ahead of the discovery cutoff, *see id.*, Ex. D. Though Plaintiff admittedly failed to produce a proper deposition notice, such a failure was not "within [her] reasonable control." *Thompson*, 76 F.3d at 533 (internal quotation omitted). Indeed, Mr. Breeding's departure from CIL only days prior to the discovery deadline left CIL without

---

[2] Defendant also argues that it justifiably refused to participate in the January 15 depositions—and that Plaintiff is not now justified in seeking any additional discovery—because Defendant filed objections to the proposed content of those depositions. The Court will issue a separate opinion on the Defendant's Motion for a Protective Order to delineate the proper scope of depositions to be held in the future.

any attorneys who could issue a valid notice prior to the scheduled deposition date. Under such circumstances, the Court readily finds Plaintiff's neglect excusable. *See Pioneer Inv. Servs.*, 507 U.S. at 388 (explaining that the "excusable neglect" standard clearly permits a court, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control"). It further appears that Ms. Strandjord and Mr. Boscolo acted expeditiously to secure admission to the Western District after Mr. Breeding left, but they were unable to do so until the discovery deadline had expired.

Defendant also asserts that it "should not be prejudiced by Plaintiff's counsel's office's failure to account for the persistent possibility of an attorney's departure and resulting inability to lawfully practice in a District where an active case was pending." Def.'s Opp'n to Mot. to Continue ¶ 8, ECF No. 23. Certainly, a better approach would have been for Plaintiff's counsel to staff the case with more than one attorney who is admitted to practice in this district. Nevertheless, I find it unreasonable to penalize a plaintiff for the apparently unforeseen personnel changes at the law firm that represents her.[3] Defendant's position is eroded given that it removed the action, without Plaintiff's consent, from the local jurisdiction in which she originally chose to file. Moreover, the Court finds Defendant's claims of prejudice to be exceedingly weak considering that its counsel cancelled depositions the day before the close of discovery, effectively foreclosing Plaintiff's ability to conduct discovery that she clearly was counting on to present her case.

The Court also finds that an extension of the discovery deadline is warranted under Rule 56(d). "As a general rule, summary judgment is appropriate only after 'adequate time for

---

[3] Though the Court does not condone Mr. Breeding's decision to leave CIL's employ shortly before a discovery deadline and without any apparent plan to provide for Plaintiff's representation, the parties have not presented any specific details regarding Mr. Breeding's departure. The Court declines to penalize Plaintiff personally for Mr. Breeding's decision.

5

discovery.'" *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Rule 56(d) permits the Court to allow additional time for a party against whom judgment is sought to take discovery where that party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion. *See* Fed. R. Civ. P. 56(d)(2).

Plaintiff has provided a sworn declaration from her counsel of record, appended to her Motion for Discovery under Rule 56(d). ECF No. 30-1. In pertinent part, Ms. Strandjord states that Plaintiff "sought discovery of Defendant's policies, procedures, practices, and inspection and maintenance records regarding the parking lot" where she was injured and scheduled the deposition of Defendant's "corporate representative, as well as an employee responsible for parking lot inspection and maintenance, with the agreement of counsel for Defendant." *Id.* ¶¶ 5–6. Nevertheless, just one day before the scheduled depositions, counsel for Defendant declined to attend and filed a motion seeking protection from the depositions and discovery of certain information sought by Plaintiff. *Id.* ¶¶ 8–9. As a result, Plaintiff has neither "been provided with any records, maintenance logs, or inspection reports from Defendant," nor had the opportunity to depose "anyone representing or working" for Defendant. *Id.* ¶ 11. This information, she argues, is critical to address factual questions, such as whether the alleged hazard on Defendant's property was open and obvious and Defendant's knowledge and procedure with respect to parking lot inspection and maintenance. *Id.* ¶ 14.

The Court agrees that the discovery Plaintiff seeks could be "essential to justify [her] opposition" to the Defendant's motion for summary judgment. Fed. R. Civ. P. 56(d). First, a large portion of Defendant's motion pertains to whether the harm to Plaintiff was "reasonably foreseeable" or whether the allegedly dangerous condition on the property was "hidden." Def.'s

6

Br. in Supp. of Mot. for Summ. J. 6–7. Though Defendant relies heavily on selected portions of Plaintiff's deposition testimony to conclude that she "has failed to show the existence of a triable fact regarding whether the pothole constituted a danger about which Costco had a duty to warn her," Plaintiff has not been able to secure any records, maintenance logs, or inspection reports, which might shed more light—and perhaps refute the Defendant's position—on certain aspects of the pothole. Moreover, Defendant has identified Peter Barney and Bill Wallace, two of the individuals who Plaintiff intended to depose, as "Costco employees who have specific knowledge of Plaintiff's alleged incident." *See* Def.'s Br. in Supp. of Mot. for Protective Order, Ex. A; *see also id.*, Ex. D (referring to file notes suggesting that Defendant would produce Mr. Wallace and Mr. Barney for deposition). Undoubtedly, these individuals are likely to have more information about the pothole and Defendant's premises than Plaintiff could have given in her deposition.

Second, Defendant argues that Plaintiff's contributory negligence precludes her recovery. Def.'s Br. in Supp. of Mot. for Summ. J. 8–11. The argument hinges, however, largely on the magnitude of the pothole and other factual details about Defendant's parking lot. Plaintiff asserts that Defendant did not discover or repair the pothole and that its purported lack of knowledge bears on whether the pothole was open and obvious, which is relevant to Defendant's claim that Plaintiff was contributorily negligent. Mot. for Disc., Strandjord Decl. ¶¶ 14, 16 (citing *Cring v. BFS Retail & Commercial Operations, LLC*, No. 3:08CV314, 2008 WL 4775493, at *4–5 (E.D. Va. Oct. 28, 2008)). Defendant's representatives' deposition testimony also would likely provide information about Defendant's knowledge, or lack thereof, of the pothole. Defendant insists that Plaintiff does not need further discovery on this topic because it does not dispute that it had notice of the pothole and was in the process of repairing it. Def.'s

Opp'n to Mot. for Disc. 7, ECF No. 32. Although Defendant asserts that it undisputedly *had* notice of the pothole, its discovery responses are not so clear. Indeed, in responding to Plaintiff's Request for Admission No. 4, Defendant "denie[d] it had knowledge of the alleged hazard plaintiff claims caused her accident, to the extent a hazard even existed. Had Costco had knowledge of a potential hazard, it would have taken immediate steps to remedy the issue, or issue an appropriate warning." Def.'s Br. in Supp. of Mot. for Protective Order, Ex. C, at 2. In responding to Plaintiff's Interrogatory Number 4, however, Defendant stated, "[t]he specific area of deteriorated surface pavement Plaintiff claims caused her to fall had been previously identified by Costco and slated for repair during an annual facility audit. Costco was in the process of soliciting bids from outside contractors for this and other parking lot repairs at the time of plaintiff's accident." Def.'s Opp'n to Mot. for Disc., Ex. A, at 4. Plaintiff has been unable to depose Defendant's representatives about these inconsistent discovery responses and other information relating to the condition of the parking lot. She should be afforded that opportunity.

Finally, Defendant argues that a Rule 56(d) motion must be filed before the close of discovery. *See* Def.'s Opp'n to Mot. for Disc. 2 (citing *Lacy v. DeLong*, No. 2:13-cv-14813, 2018 U.S. Dist. LEXIS 40911 (S.D. W. Va. Mar. 13, 2018)). Defendant filed its motion for summary judgment after the close of discovery, which is the sequence expressly established by this Court's Scheduling Order. ECF No. 10. A Rule 56(d) motion is addressed to a party's inability to "present facts essential to justify its opposition" to a motion for summary judgment, which, of course, would usually become clear only *after* that potentially dispositive motion is filed. Fed. R. Civ. P. 56(d). I cannot fault Plaintiff for failing to file a Rule 56(d) motion until she had seen what facts were essential to justify her opposition. Moreover, Defendant cancelled the

agreed-to depositions the day before they were to take place, which also was the discovery deadline. In hindsight, the parties should not have planned to have party depositions on the last day of discovery, but that was their informal arrangement. Given this late cancelation, I also cannot fault Plaintiff for failing to raise this discovery dispute with the Court before the close of discovery.

For the foregoing reasons, the Court finds that good cause exists to extend the discovery and other deadlines in the Scheduling Order and to continue the trial date. *See* Fed. R. Civ. P. 16(b)(4), 56(d)(2) (court may allow party to take additional discovery). Accordingly, Plaintiff's Motion to Continue, ECF No. 22, and Motion for Discovery, ECF No. 30, are hereby GRANTED. The Clerk is directed to cancel the scheduled jury trial in this matter, to be reset at a later date.

In the coming weeks, the Court will hold a hearing on Defendant's motion for protective order to address the scope of the depositions. The parties are DIRECTED to confer as to the topics for Defendant's corporate representative and to file a joint status report detailing any remaining dispute as to those topics within ten (10) days from the entry of this Order. During that hearing the Court also will address the case schedule, including resetting deadlines for the close of discovery and the filing of dispositive motions as well as rescheduling the trial date, and the parties are directed to confer on that matter as well.

Furthermore, the undersigned Magistrate Judge suggests that the presiding District Judge deny without prejudice Defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(d)(1). Defendant will be allowed to file a subsequent motion for summary judgment under the revised schedule after the close of discovery.

It is so ORDERED.

The Clerk shall send a copy of this order to the parties.

ENTERED: March 8, 2019

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge