IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| KIMBERLY BEACH, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:18-cv-00092 |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION & ORDER</u> |
| | ) | |
| COSTCO WHOLESALE | ) | |
| CORPORATION, | ) | By:   Joel C. Hoppe |
|     Defendant. | ) |        United States Magistrate Judge |

This matter is before the Court on Defendant Costco Wholesale Corporation's ("Costco") Motion for a Protective Order and to Limit Deposition Examination ("Motion for Protective Order") under Rule 26(c) of the Federal Rules of Civil Procedure. ECF No. 16. The motion is before me by referral under 28 U.S.C. § 636(b)(1)(A). ECF No. 10.

## I. Introduction

On March 8, 2019, this Court entered an Order granting Plaintiff Kimberly Beach's motion to continue the parties' discovery deadlines and noted that it would separately address the issues raised in Costco's Motion for Protective Order as to the scope of discovery. Order of Mar. 8, 2019, at 9, ECF No. 33.[1] Costco's motion has been fully briefed, ECF Nos. 17, 25, 28, and on March 28, 2019, the Court held a telephonic hearing at which the parties appeared by counsel. Having considered the parties' arguments and the applicable law, I find that Costco is entitled to a protective order narrowing the scope of information sought in Beach's proposed deposition of Costco's corporate representatives. I further find that Costco has not shown good cause to prevent Beach from discovering information on certain relevant policies, practices, and

---

[1] Pinpoint citations to documents filed electronically in this Court use the footer page numbers generated by CM/ECF and, where applicable, the exhibit labels assigned by the filing party.

1

procedures regarding Costco's premises. Accordingly, Costco will need to disclose such relevant information, as described herein, prior to the deposition of its corporate representatives.

II. Discussion

The Court recently addressed the relevant facts and procedural history of this case in its March 8, 2019 Order. *See* ECF No. 33, at 1–3. Accordingly, the Court will assume the parties' familiarity with these matters. The present motion concerns Beach's proposed topics for a deposition of Costco's corporate representatives as outlined in a deposition notice issued by Beach in January 2019, and Costco's related policies, practices, and procedures. *See* Pl.'s Br. in Opp'n to Mot. for Protective Order Ex. 1, ECF No. 25-1; Def.'s Br. in Supp. of Mot. for Protective Order Exs. A, B, ECF Nos. 17-1, 17-2. Costco requests that the Court issue a protective order barring Beach from pursuing all lines of inquiry in the depositions. First, Costco argues that Beach intends to employ so-called "Reptile Theory" tactics, which it asserts is an impermissible strategy aimed at collecting information that will be used to elicit a decision from the jury based on emotion, rather than on the facts admitted into evidence if the case goes to trial. Def.'s Br. in Supp. of Mot. for Protective Order 3–5. Second, Costco argues that Beach's requests for information concerning its "general policies and procedures, employee training, hiring, and supervision" are not relevant for purposes of discovery to Beach's premises liability claim under Virginia law. *Id.* at 7. Finally, Costco argues that Beach's proposed deposition topics are too broad in that they seek information that is not limited to the period around the day of Beach's alleged injury.

Rule 26(c) provides that a Court may issue a protective order, for good cause shown, to "protect a person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The movant bears the burden of establishing "good cause" by showing

that "specific prejudice or harm will result if no protective order is granted." *United Sates ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). If a motion for protective order is denied, in whole or in part, the Court "may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). For the reasons that follow, I find that Costco has shown good cause for the issuance of a protective order limiting the scope of Beach's proposed Rule 30(b)(6) deposition topics as to the timeframe of those topics. Costco has not shown good cause to merit a protective order on any of its other objections.

A.   *Information About Defendant's Policies & Procedures*

First, Costco argues that Beach's requests for certain policies and procedures concerning the maintenance and safety of the subject premises are not discoverable because they are "irrelevant to the applicable standard of care" in a common-law premises liability claim under Virginia law. Def.'s Reply Br. in Supp. of Mot. for Protective Order 1, ECF No. 28. To assert an actionable claim for negligence in Virginia, a plaintiff must establish that she incurred damages proximately caused by the defendant having breached a legal duty of care that it owed the plaintiff. *See RGR, LLC v. Settle*, 764 S.E.2d 8, 20 (Va. 2014) (citing *Atl. Co. v. Morrisette*, 94 S.E.2d 220, 221–22 (Va. 1956)). Here, Costco argues that its internal policies and procedures are not relevant to that inquiry because they cannot be used to define the standard of care. Specifically, it points to long-standing Virginia precedent that provides, "[a] person cannot, by the adoption of private rules, fix the standard of his duty to others. That is fixed by law, either statutory or common." *Murphy v. United States*, 383 F. App'x 326, 335 (4th Cir. 2010) (quoting *Va. Ry. & Power Co. v. Godsey*, 83 S.E. 1072, 1073 (Va. 1915)); *see also Pullen v. Nickens*,

3

S.E.2d 452, 457 (Va. 1983) (reaffirming *Godsey* and holding that State Highway Department's internal rules were inadmissible in evidence).

Assuming without deciding that Costco's policies and procedures regarding the subject premises are the type of "private rules" Virginia courts have found do not define the legal standard of care in a negligence claim, I nonetheless find this Virginia precedent to be inapposite to the relief Costco seeks here. First, both *Godsey* and *Pullen* were decided in the context of the admissibility of the defendant's internal policies at trial. They do not address the standard for determining whether such policies would be discoverable ahead of trial.[2] This distinction is significant. Indeed, whether Costco's policies and procedures are *admissible* is a determination to be made by the trial judge based on the Federal Rules of Evidence, and hinges—at least in this context—on whether those policies and procedures are relevant to the elements of plaintiff's cause of action under Rule 401. *See* Fed. R. Evid. 401, 402. Whether evidence is *discoverable*, however, is determined by Federal Rule of Civil Procedure 26(b), which permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[3]

---

[2] Virginia precedent also is not binding on this Court as it concerns the discoverability of Costco's policies and procedures under Rule 26. Though the Fourth Circuit has found that, pursuant to the *Erie* doctrine, federal courts should apply Virginia's "private rules" doctrine to the *admissibility* of evidence in federal court, *see Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109–10 (4th Cir. 1995), federal law still governs questions of discoverability. Virginia precedent could provide guidance as to relevancy, but Costco takes too narrow of an approach in focusing solely on the standard of care.

[3] Multiple Virginia state courts have also emphasized the distinction between discoverability and admissibility specifically in the context of the "private rules" doctrine. In *Johnson v. Roanoke Memorial Hospitals*, a Virginia circuit court found that the doctrine established in *Godsey* and *Pullen* was not controlling because "the ultimate admissiability of [the policies and procedures] [was] not yet at issue." No. 87-321, 1987 Va. Cir. LEXIS 86, at *11 (Roanoke Cir. Ct. Aug. 13, 1987). Likewise, in *Gravely v. Perren*, the court denied the defendant's motion to quash the plaintiff's subpoena for certain hospital policies and procedures, also finding that the documents were discoverable. 77 Va. Cir. 370, 373 (Martinsville Cir. Ct. Jan. 28, 2009). As in *Johnson*, the *Gravely* court noted the defendant's objection under *Pullen*, but found that defendant was "confus[ing] the concepts of admissibility and discovery" under the Virginia rules. *Id*.

"Rule 26(b)(1) does not precisely define relevancy," *In re: Am. Med. Sys., Inc.*, MDL No. 2325, 2016 U.S. Dist. LEXIS 84838, at *12 (S.D. W. Va. May 31, 2016), other than to instruct that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1). Consistent with this instruction, federal courts have long understood that "[r]elevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D. W. Va. 2000); *see, e.g.*, *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978) ("It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader."). The Rule's focus "on the specific claim or defense alleged in the pleadings does not mean that a fact must be alleged in a pleading for a party to be entitled to discovery of information concerning that fact." *United Oil Co. v. Parts Assocs.*, 227 F.R.D. 404, 411 (D. Md. 2005) (quotation marks omitted). "Moreover, "notwithstanding Rule 26(b)(1)'s recent amendment placing an emphasis on the proportionality of discovery, the discovery rules, including Rule 26, are still 'to be accorded broad and liberal construction.'" *In re: Am. Med. Sys.*, 2016 U.S. Dist. LEXIS 84838, at *12 (quoting *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016)). Because I find, under the liberal construction afforded to Rule 26, that Costco's policies and procedures utilized to maintain a safe premises are relevant to Beach's allegations that she was injured on those premises, I conclude that Virginia's "private rules" doctrine does not bar discoverability of these materials.

Second, even if the "private rules" doctrine applied to the information sought by Beach at the discovery stage, it is not clear that these policies and procedures would necessarily be used to "fix the standard of [Costco's] duty" to Plaintiff at trial. *See Godsey*, 83 S.E. at 1073; *cf. In re: Am. Med. Sys.*, 2016 WL 3077904, at *4 ("[I]nformation is relevant if it logically relates to a party's claim or defense."); *Johnson*, 1987 Va. Cir. LEXIS 86, at *9 ("At the discovery phase of

5

a dispute . . . the precise details of the material sought to be discovered is unknown to the party seeking discovery . . . . [T]he relevancy of that which is not yet known can hardly be fairly evaluated until it is known, until the discovery has been accomplished."). For example, Beach might rely on Costco's policies and procedures concerning the safety of the premises to guide her depositions questions regarding what Costco employees did or did not do before or after the incident in question. *See, e.g.*, *Benedict v. Hankook Tire Co.*, 295 F. Supp. 3d 632, 650 (E.D. Va. 2018) (finding that the information sought from defendant was not an effort to establish a standard of care, but to "gain an understanding of their actual conduct," which was "not problematic under Virginia law" (emphasis omitted)); *Estate of Curtis v. Fairfax Hosp. Sys.*, 32 Va. Cir. 275 (Va. Cir. Ct. 1990) ("[A] defendant's safety policies have been held admissible in a negligence action on the issue of defendant's knowledge of a potential danger and as evidence of the foreseeability of the injury." (citing *New Bay Shore Corp. v. Lewis*, 69 S.E.2d 320 (Va. 1952))). It is simply too early of a stage in this case for the parties or the Court to address the intended use of this material. Thus, I cannot find the material should be shielded from discovery at this early stage of litigation.

I do have concerns, however, as to the general breadth of Beach's proposed deposition topics. First, many of these topics ask for policies, practices, and procedures concerning Costco's premises as a whole. To the extent that Costco has separate policies, practices, and procedures for its parking lot, as distinct from other areas on the premises, it must disclose only the former. Second, some of Beach's proposed topics do not specify any timeframe for the information sought and others seek information from three years before the subject incident. Pl.'s Br. in Opp'n to Mot. for Protective Order Ex. 1, Topic No. 13. I find that information about policies, practices, procedures, or other activities of Defendant this far removed from the date of the

6

incident is not proportional to the needs of the case. The relevant policies and procedures are thus limited to those in place at the time of Beach's alleged injury. Furthermore, because Costco has not previously disclosed these materials to Beach, and because they are relevant to Beach's proposed Rule 30(b)(6) deposition, I find that Costco should turn over to Beach copies of any documents evidencing its policies, practices, and procedures regarding the proposed deposition topics, subject to the aforementioned limitations. Additionally, Topics 10 and 11 are modified to cover any actions taken after Beach's alleged injury regarding the pot hole as well as the identities and actions of any Costco employee who was assigned to inspect or did in fact inspect the parking lot for defects on the date of Beach's alleged injury or within thirty days preceding her alleged injury.

B. *Use of "Reptile Theory" Tactics*

Costco also argues that Beach intends to employ "Reptile Theory" tactics during the deposition of its corporate representatives. "Reptile Theory," according to Costco's briefing, is a litigation strategy used by plaintiffs' attorneys to appeal to jurors' "reptilian brains," or that portion of the human brain that triggers survival instincts. *See* Def.'s Br. in Supp. of Mot. for Protective Order 3–4; Taylor Denslow Brewer, *Confronting the Reptile in Virginia*, 30 J. CIV. LITIG. 187, 187–88 (2018), ECF No. 17-9. The strategy is apparently designed to facilitate more favorable results for plaintiffs in personal injury cases because it encourages jurors to make decisions based on fear of danger to themselves or the community, rather than the particular facts of the case before it. *See* Brewer, *supra*, at 187–89. Costco argues that Beach's purported intent to employ reptile theory is evidenced by statements from her Complaint, discovery requests, and her counsel's firm having allegedly held its members out as "certified reptile presenters" in seminars and having "touted" the theory on the firm's website. *See* Def.'s Br. in Supp. of Mot.

7

for Protective Order 1, 3, 6–7. Beach responds that her counsel "intends on asking questions [at the deposition] designed to elicit the elements she must prove in her negligence case." Pl.'s Br. in Opp'n to Mot. for Protective Order 4.

I find it unnecessary to delve into the specifics of "Reptile Theory" and whether this litigation strategy is permissible under relevant state or federal law. The discovery phase of litigation is not the proper stage for rulings on disputes over what material may ultimately be presented to a jury. While I acknowledge Costco's concerns that the overarching "Reptile Theory" strategy can be employed in the discovery process, I decline to issue a ruling preemptively barring the use of a strategy that Beach's counsel has not expressed any intent to employ, and I make no finding as to the propriety of such a strategy. Beach's counsel have represented to this Court that they intend to ask questions at the deposition designed to establish the elements necessary to prove her alleged cause of action. I will not assume otherwise merely because of information on a law firm's website or seminars in which counsel participate. If Beach seeks material in depositions beyond the permitted scope of discovery under the Federal Rules, Costco's counsel can note their objection on the record or, if absolutely necessary, contact a judge for a ruling.

Moreover, even if a ruling on "Reptile Theory" strategy were appropriate at this stage, I am inclined to agree with Beach that "it is impossible to conceive of what an order granting Costco's motion would proscribe." Pl.'s Br. in Opp'n to Mot. for Protective Order 5. Whether a question or line of inquiry is designed to utilize "Reptile Theory" is a subjective inquiry, and an order categorically denying the use of this strategy would effectively give Costco license to object or refuse to answer questions that might otherwise be relevant to Plaintiff's case. *See Dorman v. Anne Arundel Med. Ctr.*, No. 15-1102, 2018 U.S. Dist. LEXIS 89627, at *16–17 (D.

Md. 2018) (finding that the defendant's motion *in limine* to prevent the plaintiff from using "Reptile Theory" tactics was "premature and present[ed] vague challenges to Plaintiffs' style of argument rather than to any evidence that Plaintiffs intend to introduce"). The hazy nature of Costco's argument is best evidenced by Costco's own briefing, which points to isolated portions of Beach's Complaint and discovery requests as suggestive of Beach's intent to use "Reptile Theory" tactics. *See* Def.'s Br. in Supp. of Mot. for Protective Order 6–7.

III. Conclusion & Order

For the reasons stated, the Court finds good cause to narrow the scope of information Beach seeks in her written discovery requests and proposed deposition topics of Costco's corporate representatives. Accordingly, Costco's Motion for Protective Order, ECF No. 16, is **GRANTED in part**. Within fourteen days of this Order, Costco shall produce its policies, practices, and procedures on the topics identified in Beach's deposition notice. Pl.'s Br. in Opp'n to Mot. for Protective Order Ex. 1, at 2–3. Costco shall not be required to produce any policies, practices, or procedures that were not in effect on June 24, 2016. Additionally, Costco need not produce policies or procedures that are generally applicable to its entire premises if Costco has a policy or procedure on that particular topic that is specific to the parking lot. During Beach's deposition of Costco's corporate representatives, Beach shall not inquire about any policies, practices, or procedures outside the scope of this Order. All other requested relief in Costco's Motion for Protective Order is DENIED. Each party shall bear its own costs and fees.

Furthermore, the parties are **DIRECTED** to confer as to the case schedule, contact the presiding District Judge's chambers for a new trial date, and submit a proposed schedule within fourteen (14) days of entry of this Order.

It is so ORDERED.

9

The Clerk shall send a copy of this Memorandum Opinion & Order to the parties.

ENTERED: April 4, 2019

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge