CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
4/15/2020

JULIA C. DUDLEY, CLERK
BY:  s/ J. Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KIMBERLY BEACH,** | ) | |
| | ) | **Civil Action No. 5:18-cv-92** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COSTCO WHOLESALE CORPORATION,** | ) | **By:  Hon. Michael F. Urbanski** |
| | ) | **Chief United States District Judge** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Costco Wholesale Corporation's motion for summary judgment, ECF No. 47. Plaintiff Kimberly Beach responded, ECF No. 49, and Costco filed a reply, ECF No. 50. The court heard argument on the motion on April 7, 2020. After a review of the pleadings, arguments of the parties, relevant evidence, and applicable law, the court will **GRANT** Costco's motion for summary judgment.

**I.**

The relevant facts, construed in the light most favorable to Beach, are as follows:

On June 24, 2016, Beach, a Costco member, visited the Costco warehouse in Winchester, VA. Beach parked her vehicle on the entrance side of the Costco warehouse and pulled "head-in" to the parking space. Pl.'s Br. Opp'n, ECF No.49-2, at 30. Beach exited her vehicle from the driver's door and walked down the side of her van towards the back of her vehicle. When she reached the rear of her vehicle, Beach turned left to walk towards Costco's entrance.

Once she turned the corner, Beach fell. She claims she fell on the "edge of [a] pothole." Id. at 29. Beach did not see the pothole, but after falling, she was able to identify the pothole as being about the size of a salad plate in diameter and three inches deep. Beach claims that she could not see the pothole because "it was full of black water, so it was nicely camouflaged." Id. at 31. Shortly after Beach fell, Costco took photographs of the pothole and Beach identified the pothole in the photographs as the one she fell in. Id. at 32.

Costco was aware that parts of the parking lot required repair and had solicited bids for parking lot repairs before the June 24, 2016 incident. Costco also has shopping cart attendants whose job it is to look for potential hazards while retrieving carts from the parking lot. According to Costco, when it first submitted its bid for parking lot repairs, there were no potholes or depressions that needed immediate attention.

On June 11, 2018, Beach filed her complaint in the Circuit Court for County of Frederick, Virginia. In her lawsuit, Beach alleges that Costco breached its duty to warn, its duty to correct a known defect, and its duty to maintain the premises in a reasonably safe manner. On July 6, 2018, Costco filed a petition for removal of the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Costco then filed an answer to the complaint, and on February 25, 2020, filed the present motion for summary judgment. Costco argues there is no genuine issue of material fact because the pothole was an open and obvious defect, and Beach was contributorily negligent as a matter of law for failing to avoid the open and obvious hazard.[1]

---

[1] Costco also argues that the pothole did not constitute an actionable defect under Virginia law. Because the court will grant Costco's motion for summary judgment as the court finds that the pothole was an open and obvious hazard and Beach was contributorily negligent as a matter of law, it need not determine if the actionable defect standard applies to Costco.

**II.**

Pursuant to Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. Celotex, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" McAirlaids, Inc. v. Kimberly-Clark Corp., 756 F.3d 307, 310 (4th Cir. 2014) (internal alteration

omitted) (quoting Tolan v. Cotton, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255. The non-moving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252). However, the trial court has an "affirmative obligation" to "prevent 'factually unsupported claims [or] defenses' from proceeding to trial." Felty v. Graves–Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex, 477 U.S. at 323–24).

In Virginia, "[a]n owner of premises owes a duty to its invitee (1) to use ordinary care to have the premises in a reasonably safe condition for the invitee's use consistent with the invitation, and (2) to use ordinary care to warn its invitee of any unsafe condition that was known, or by the use of ordinary care should have been known, to the owner; except that the owner has no duty to warn its invitee of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety." Fobbs v. Webb Bldg. Ltd. Partnership, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986). The Supreme Court of Virginia has held that "where a defect is open and obvious to persons . . . it is their duty to observe the defect." Town of Virginia Beach v. Starr, 194 Va. 34, 36, 72 S.E.2d 239, 240 (1952). More specifically, a business need not warn of unsafe conditions where the dangerous condition is open and obvious "to a reasonable person exercising ordinary care for his own safety." Tate v. Rice, 227 Va. 341, 345-46, 315 S.E.2d 385,388 (1984); Tazewell Supply Co. v. Turner, 213 Va. 93, 96, 189 S.E.2d 347, 349–50 (1972).

Under Virginia law, contributory negligence is a complete bar to recovery for injuries caused in part by the negligence of another. See Baker v. Butterworth, 119 Va. 402, 402, 89 S.E. 849, 849–50 (1916); see also Flakne v. Chesapeake & Potomac Tel. Co. of Va., 199 Va. 31, 34, 97 S.E.2d 650, 652 (1957) ("One cannot charge another in damages for negligently injuring him when his own failure to exercise due and reasonable care was responsible for the occurrence of which he complains."). Indeed, "[a] person 'who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law.'" Bishop v. Lowe's Home Centers, Inc., 32 F. App'x 687, 689 (4th Cir. 2002) (quoting Scott v. City of Lynchburg, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991)).

In Tazewell Supply Co., the Virginia Supreme Court held that the plaintiff was guilty of contributory negligence when she tripped over a cardboard box which she did not actually see but which she would have seen had she been looking down. 213 Va. 93, 96, 189 S.E.2d 347 (1972). The Virginia Supreme Court held that the danger posed by the box was open and obvious, given its size, the fact that others had looked casually and seen it, and the fact that the plaintiff could have seen it had she been looking. Id.

Similarly, in Richards v. Wal-Mart Stores E., L.P., No. 6:07cv00024, 2008 WL 1860198, *3-4 (W.D. Va. Apr. 25, 2008), the plaintiff was injured in a Wal-Mart store parking lot after stepping into a depression in the asphalt, causing her to break her ankle. On the date of the injury, it was a bright sunny day, but the plaintiff claimed to not see the depression in the parking lot. Id. The court found "[t]aken together with the photographs and the fact that the depression was readily apparent to Plaintiff and others after the accident, the undisputed facts are such that no reasonable jury could find that a person who was maintaining a lookout

5

commensurate with the circumstances could not and should not have seen the depression in the asphalt prior to stepping into it." Id. (internal citations omitted).

Here, the facts squarely place Beach's case within the territory covered by Tazewell and Richards. First, Beach argues that there is a question of material fact as to the pothole being a hidden defect. Beach asserts that a jury could agree with her that the pothole was a hidden defect because, according to her, the water camouflaged it to the pavement. Beach argues the question of whether a hazard is "obscured," like that of contributory negligence, is generally a question for the jury. Ravenwood Towers, Inc. v. Woodyard, 244 Va. 51, 57, 419 S.E.2d 627, 630 (1992). The court disagrees and finds that Beach's claim that the pothole was camouflaged is a factually unsupported claim and is insufficient to survive the motion for summary judgment. See Felty, 818 F.2d at 1128.

In support of their motion for summary judgment, Costco attached four photographs as exhibits. Def.'s Br. Supp. Summ. J., ECF Nos. 48-1, at 15-16, 48-2, at 1, and 48-3, at 1. The photographs were taken shortly after Beach's fall and there is no dispute that they accurately represent how the pothole and the surrounding area looked at the time of the fall and that the day in question was a bright, sunny day. The photographs further depict that Beach's van was still parked in the same parking spot and did not cast a shadow over the pothole. No evidence in the record suggests that the van was moved following the fall and before the photographs were taken. The photographs also establish that the pothole's color is clearly contrasted against the color of the pavement, and is not camouflaged. Further, in Beach's deposition, she testified that she "didn't have any trouble [seeing the pothole] when [she] was on the ground looking at it." Pl.'s Br. Opp'n, ECF No. 49-2, at 35. The court finds that based on the undisputed

photographs in evidence, the pothole was not obscured or camouflaged. The court further finds the photographs establish that the pothole was an open and obvious hazard and no reasonable jury could find otherwise.

With respect to contributory negligence, Beach argues that the Supreme Court of Virginia has "specifically declined to hold that, as a matter of law, a pedestrian's failure to look down while stepping forward must constitute contributory negligence in every case." City of Suffolk v. Hewitt, 226 Va. 20, 28, 307 S.E.2d 444, 448 (1983); see also Fultz v. Delhaize America, Inc., 278 Va. 84, 90, 677 S.E.2d 272 (2009). However, the court in Kelly v. Food Lion, LLC, No. 3-11-cv-80, 2012 WL 5397227, at *3 (W.D. Va. Nov. 2, 2012), found that while Hewitt and Fultz "preclude[] a court from holding that a mere failure to look down constitutes contributory negligence . . . [they] do[] not preclude a court from finding that a failure to look down could constitute contributory negligence when considered in light of all of the circumstances surrounding the incident." Here, for the reasons stated above, the evidence shows that as a matter of law the pothole was an open and obvious defect, and by the exercise of ordinary care, Beach could have and should have avoided stepping in the pothole. See Town of Hillsville v. Nester, 215 Va. 4, 5, 205 S.E.2d 398, 399 (1974). Accordingly, the court finds that Beach was contributorily negligent and is thus barred from recovery. Id.

Finally, when a plaintiff is injured by an open and obvious defect, it is her burden "to show conditions outside of [herself] which prevented [her] seeing the defect or which would excuse [her] failure to observe it. When they do not exist the law charges the party with failure to do what was required of [her]." Southern Floors and Acoustics, Inc. v. Max-Yeboah, 267

7

Va. 682, 685, 594 S.E.2d 908, 910 (2004) (citing City of S. Norfolk v. Dail, 187 Va. 495, 47 S.E.2d 405, 409 (1948)). However, "more is needed than a simple allegation of a distraction to create a jury issue. It [is] necessary for [the] plaintiff to establish that his excuse for inattention was reasonable, i.e., that the distraction was unexpected and substantial." Id. Indeed, "[t]o hold otherwise would permit a plaintiff in any case to avoid contributory negligence by showing an insignificant reason for failing to be observant." West v. City of Portsmouth, 217 Va. 734, 232 S.E.2d 763, 765 (1977). The court finds that there is insufficient evidence in this case for a jury to conclude that distractions or other environmental factors would have prevented a reasonable person from surveying the parking lot and seeing the pothole. Additionally, Beach has not offered any evidence that would satisfy her burden in this regard. In fact, Beach testified that she put her phone in her purse and was not "particularly" watching where she was going, and she did not claim that she was distracted by anything. Pl.'s Br. Opp'n, ECF No. 49, at 31.

Therefore, because the pothole was an open and obvious defect, Costco had no duty to warn Beach. Further, in the exercise of ordinary care, Beach could have and should have avoided the pothole, and is thus contributorily negligent. Accordingly, the court will grant Costco's motion for summary judgment.

## III.

For the reasons stated above, the court **GRANTS** Costco's motion for summary judgment and the case is **STRICKEN** from the active docket.

An appropriate Order will be entered.

8

Entered:   April 15, 2020

Michael F.
Urbanski

Digitally signed by Michael F. Urbanski
DN: cn=Michael F. Urbanski, o=Western District of
Virginia, ou=United States District Court,
email=mikeu@vawd.uscourts.gov, c=US
Date: 2020.04.15 14:27:03 -04'00'

Michael F. Urbanski
Chief United States District Judge

9